In the Matter of LIZZIE MITCHELL, Appellant, v. GEORGE K. WYMAN, as Commissioner of the New York State Department of Social Services, Respondent.— In a proceeding pursuant to article 78 of the CPLR to review respondent's determination, dated December 30, 1970 and made after a statutory fair hearing, which affirmed a decision of the New York City Department of Social Services denying petitioner a special grant for a bed for her minor daughter, the appeal is from a judgment of the Supreme Court, Queens County, entered June 22, 1971, which denied the application. Judgment reversed, on the law, without costs; respondent's determination annulled; and respondent is directed to issue to petitioner a special grant for a bed. Petitioner is a recipient of public welfare. Prior to April 23, 1970, her 10-year-old daughter slept with her 15-year-old sister on a convertible bed. On that date, the 10-year-old child fractured her pelvis in an accident and was hospitalized for about six weeks. When she was released from the hospital, her doctor recommended that she have a bed of her own. Petitioner requested a special grant to purchase such a bed, but it was refused by the New York City Social Services Department on the ground that it lacked power to issue funds for household replace-

ments. Petitioner requested a fair hearing. It was held; and appellant, the State Commissioner of Social Services, thereafter affirmed the city department's determination on the ground that such grant for the replacement of furniture could be made only if furniture were lost due to a catastrophe and that petitioner's need for a bed was not due to a catastrophe. Special Term, in dismissing this proceeding, held that respondent's determination was neither contrary to law nor arbitrary and capricious. We disagree. It may be that petitioner's need for the bed was not due to a "catastrophe" (see Social Services Law, § 131-a, subd. 6; 18 NYCRR 352.2[a][5]; *Matter of Howard* v. *Wyman*, 28 N Y 2d 434), but she nevertheless was entitled to the grant she requested under 18 NYCRR 352.7(a)(2)(iii)*, 18 NYCRR 372.4(a)** and 18 NYCRR 372.3(a)***. In our opinion, the denial of the requested grant breached the State Commissioner's duty under those sections and was, moreover, an arbitrary, capricious and unreasonable determination under the circumstances of this case. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.

---

* 18 NYCRR 352.7(a)(2)(iii) requires each social services district to provide necessary furniture where " A child is returning to his parents and additional furniture is necessary in order to provide adequate shelter for the child."

** 18 NYCRR 372.4 defines " Emergency assistance " as including " (a) * * * household supplies and equipment ".

*** 18 NYCRR 372.3 provided that " (a) Emergency assistance shall be available in emergency situations including * * * those caused by * * * serious injury to persons ".